### CRUMP v. COLE.

6 Div. 196.

Court of Appeals of Alabama.

Jan. 9, 1951.

Rehearing Stricken Jan. 30, 1951.

Chas. E. Tweedy, Jr. and Jas. L. Beech, Jr., of Jasper, for appellant.

Fite & Fite, of Jasper, for appellee.

HARWOOD, Judge.

In the nonjury trial below Thurman Cole was plaintiff, and Claud Crump defendant.

The complaint contained three counts, the first for trespass de bonis asportatis, the second for conversion, and the third for detinue with a claim for the hire or use of the goods during the detention.

Judgment was rendered in favor of the plaintiff, with damages assessed at $178.75.

The defendant below, upon the overruling of his motion for a new trial perfected his appeal to this court.

The rulings on the pleading by the court below, and the correctness of the amount of damages awarded is not questioned in appellant's brief. The sole proposition raised by appellant's brief questions the sufficiency of the plaintiff's evidence to meet the burden of proof cast upon him.

In his brief counsel has set out in detail the evidence submitted by the defendant below, and bases his argument for reversal of this cause on the tendencies of that evidence. Admittedly, if this was all the evidence, counsel's argument would contain merit.

A reading of the record however discloses that the evidence submitted by the plaintiff was abundant in its tendencies to support the judgment entered.

50 So.2d 286

Plaintiff's evidence tended to show that on 2 January 1950 the plaintiff had purchased from the defendant a Ford truck for the agreed purchase price of $225.00. At the time of the sale the defendant accepted another automobile as part payment, a credit of $100.00 being allowed as the price of the trade in car.

The transaction was processed by a title retention contract, the unpaid balance of the purchase price, $125.00, to be paid in five installments of $25.00, due and payable on the 2nd day of each month thereafter, until paid. Notes were signed evidencing these installments, the first note becoming due on 2 February 1950.

The plaintiff's evidence further tends to show that on 31 January 1950, before the first note was due, the defendant, at a time when he had reason to believe the plaintiff would not be at home, went to plaintiff's home and drove the truck away. When plaintiff called the defendant later that day to ask why he had taken his truck, the defendant replied "Fellow, I ain't talking to you."

In the truck at the time it was taken was a quantity of tools owned by the plaintiff, of a value of $25.00. Under the plaintiff's evidence the value of the truck was shown to be $250.00 at the time it was taken, a new motor having been installed in the truck by the plaintiff after he had purchased it. The defendant himself testified that $3.00 per day would be a reasonable hire for the use of the truck. The truck was taken on 31 January 1950, and trial was had on 8 June 1950.

The defendant's testimony was completely contradictory of, and in hopeless conflict with that presented by the plaintiff. No purpose would be served by setting it out. The lower court heard and saw the witnesses. It was in his province to decide this disputed question of fact. His conclusions are abundantly supported by evidence presented by the plaintiff. We find no basis for disturbing these conclusions.

Affirmed.